## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

| | | |
|---|---|---|
| **ORGANICARE NATURE'S SCIENCE, LLC,** | § § § | |
| **Plaintiff,** | § § | **Cause No: 1:25-cv-343** |
| **vs.** | § § § | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| | § § | **Jury Trial Demanded** |
| **YUAN JIA CHENG d/b/a NAHID,** | § § | |
| **Defendant.** | § § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Organicare Nature's Science, LLC ("Plaintiff" or "Organicare"), by and through its undersigned counsel, as and for its Complaint against Defendant, Yuan Jia Cheng d/b/a Nahid ("Defendant" or "Nahid"), hereby alleges as follows:

### NATURE OF THE CASE

1.      This is an action for: (a) federal trade dress infringement under 15 U.S.C. § 1125(a); (b) federal unfair competition and false designation of origin under 15 U.S.C. § 1125(a); (c) trade dress infringement under Texas common law; (d) unfair competition  under Texas common law; (e) misappropriation under Texas common Law; and (f) unjust enrichment.

2.      This action is based on Defendant's willful, knowing, persistent, and unauthorized use of Organicare's FemiClear Trade Dress (as hereinafter defined) in connection with Defendant's manufacture, importation, sale, and advertisement of an imitation, knock-off feminine care product, "Bacterial Vaginosis Symptoms Vaginal Suppositories" (as hereinafter defined).

### THE PARTIES

3.      Plaintiff, Organicare, is a limited liability company organized and existing under

the laws of the State of Texas with its principal place of business at 3900 Drossett Drive, Building 5, Austin, Texas, 78744.

4.      Defendant Yuan Jia Cheng is a Chinese individual and Nahid is a Chinese company, with its principal place of business at Lehui Science and Technology Innovation Center, Block B, Buildon 11, No. 489, Room 1718, Jihua Road, Bantian Community, Bantian Street, Longgang District, Shenzhen, Guangdong Province, 518129, China.

## JURISDICTION AND VENUE

5.      The claims for federal trade dress infringement and unfair competition and false designation of origin asserted in Counts I-II *infra*, arise under the Trademark Act of 1946 (as amended), namely, 15 U.S.C. §§ 1051 *et seq*.  Therefore, this Court has subject matter and original jurisdiction over Counts I-II pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

6.      The claims for common law trade dress infringement, unfair competition, misappropriation, and unjust enrichment in Counts III-VI *infra*, arise under the common law of the State of Texas, and are so related to the federal claims asserted in Counts I-II *infra*, that they form part of the same case or controversy.  Therefore, this Court has subject matter jurisdiction over Counts III-VI pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

7.      In the alternative, this Court has subject matter and original jurisdiction over all Counts asserted herein, pursuant to 28 U.S.C. § 1332(a), because complete diversity of citizenship exists between Organicare and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.      This Court has personal jurisdiction over Defendant because Defendant consents to jurisdiction in this District.  Specifically, on or about February 28, 2025, in response to Organicare's notice of infringement submitted to Amazon.com, Inc., Defendant indicated that it

"consent[s] to jurisdiction of **any judicial district** in which Amazon may be found" (emphasis added). *See* **Exhibit 1.** Amazon operates a corporate office at 4616 West Howard Lane, Austin, Texas 78728.

9.    Further, this Court has personal jurisdiction over Defendant, pursuant to § 302(a)(1) of the Texas Business and Commerce Code, because Defendant solicits business within the State of Texas (including this judicial district), including, but not limited to, the use, advertising, marketing, promoting, distribution, offering for sale, and/or sale of products in Texas that infringe on Organicare's FemiClear Trade Dress.

10.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), because the claims alleged in the Complaint arose, in part, in this District, Organicare's principal place of business exists in this District, and because this Court has personal jurisdiction over Defendant in this District.

## **BACKGROUND**

## I.    **Organicare's Business and Intellectual Property**

11.    Organicare creates and sells many feminine care products, including FemiClear.

12.    FemiClear is offered through numerous sales outlets, including, but not limited to Amazon.com, since at least as early as August 1, 2022.

13.    For several years, Organicare has created, and extensively and continuously used, unique, non-functional designs as source identifiers of its products and Organicare holds extensive trade dress and other intellectual property rights relating thereto. One such design is Organicare's FemiClear product (shown below).



14.     Organicare has trade dress rights in the overall look and appearance of FemiClear (the "FemiClear Trade Dress"), including, but not limited to, the design, coloration, layout, and font.

15.     The FemiClear Trade Dress is non-functional.

16.     Organicare has invested substantial effort and resources into developing and promoting FemiClear and the FemiClear Trade Dress.

17.     Through Organicare's consistent and extensive use of the FemiClear Trade Dress, its design has become an indicator of the origin and quality of FemiClear.

18.     Organicare has had significant sales of FemiClear throughout the United States, including sales to customers in the State of Texas and in this judicial district.

19.     Consequently, the FemiClear Trade Dress represents a valuable asset for Organicare.

**II.     Defendant's Infringing Activities**

20.     With full knowledge of Organicare's ownership and use of the FemiClear Trade Dress, Defendant copied and used elements of the FemiClear Trade Dress on and in connection with its Bacterial Vaginosis Symptoms Vaginal Suppositories product ("Defendant's Product").

21.     Defendant primarily sells its knock-off of FemiClear on Amazon.com.

22.     As shown by the comparison below, Defendant's Product bears a nearly identical look and feel, wording, information, font, and marketing strategy to FemiClear:

| FemiClear | Defendant's Product |
|---|---|





23.    Defendant processes, fulfills, and/or administers orders for Defendant's Product placed through the Amazon.com website.

24.    Defendant sells Defendant's Product to customers located throughout the United States and its territories, including Texas and, upon information and belief, in this judicial district.

25.    The foregoing acts have occurred in interstate commerce and in a manner affecting interstate commerce, including, upon information and belief, in this judicial district.

26.     Defendant engages in substantial activity in Texas and this District.  Examples of Defendant's activity include the fact that Defendant offers Defendant's Product for sale in Texas (including this District) through Amazon.com and otherwise.

27.     Defendant has relied, and will continue to rely, on Organicare's existing goodwill, consumer recognition, and marketing, promotion, and advertising of FemiClear so that Defendant can enhance the sales of Defendant's Product.

28.     Organicare has not authorized, licensed or otherwise condoned or consented in any way to Defendant's use of the FemiClear Trade Dress.  Organicare filed a complaint with Amazon.com regarding Defendant's Product.  Amazon took down the listing for Defendant's Product until Defendant submitted a counter-notice shown in Exhibit 1, falsely claiming that this issue was "a mistake."

29.     Organicare has no control over the nature, quality or pricing of the goods provided by Defendant using the FemiClear Trade Dress.

30.     Defendant's use of the FemiClear Trade Dress in connection with competing feminine care products is likely to cause consumer confusion as to the source or affiliation of those products. In addition, as seen below actual confusion has already occurred, as one consumer posted a notice indicating that Defendant's Product looked just like the FemiClear Trade Dress.



★☆☆☆☆    "This product packaging is made to look like the Femiclear packaging. However, there is no brand name or company listed anywhere on the box or insert. There was also no expiration date anywhere. It did absolutely nothing for me. But maybe homeopathics just don't work for me. Also, there is no ingredients list other than the active ingredients. The suppository appears to be made from gelatin. "
Read less

By StarBop on February 1, 2025.

31.     Defendant's conduct complained of herein has been done and is done with the intent to cause confusion, mistake or deception as to the source or affiliation of the parties' respective products.

32.    Defendant has misappropriated Organicare's substantial property rights in the FemiClear Trade Dress, as well as the substantial goodwill associated therewith. Unless restrained and enjoined by this Court, such conduct will permit Defendant to gain an unfair competitive advantage over Organicare, permit Defendant to enjoy the public interest in and marketing power of the FemiClear Trade Dress, and cause substantial harm to unsuspecting consumers who are likely to purchase Defendant's inferior product, believing Defendant's Product originates from or is associated with Organicare.

33.    Further, if Defendant is permitted to continue using, promoting, marketing, advertising, distributing and selling Defendant's Product using the FemiClear Trade Dress, its actions will continue to cause irreparable injury to Organicare, to the distinctiveness of the FemiClear Trade Dress, and to the goodwill and business reputation associated with the FemiClear Trade Dress.

## COUNT I

**(Federal Trade Dress Infringement Under 15 U.S.C. § 1125(a))**

34.    Organicare repeats and re-alleges paragraphs 1 through 33 of the Complaint as though set forth fully herein.

35.    The FemiClear Trade Dress is non-functional.

36.    The FemiClear Trade Dress is unique and distinctive as to the source of the FemiClear product and consumers associate Organicare as the source of goods provided under the FemiClear Trade Dress. The FemiClear Trade Dress is entitled to protection under both federal and common law.

37.    Defendant's use in commerce of the FemiClear Trade Dress to advertise, market, promote, distribute, offer for sale, and/or sell Defendant's Product, without Organicare's consent,

is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant is Organicare, or is a licensee, authorized distributor, or affiliate of Organicare, or that Defendant, its activities, and/or Defendant's Product, are authorized, endorsed, sponsored, or approved by Organicare, or vice versa.

38.    Defendant has made, and will continue to make, substantial profits and gain from its unauthorized use of the FemiClear Trade Dress to which it is not entitled in law or equity.

39.    The acts of Defendant alleged in paragraphs 1 through 38 above were intentional, willful, with bad faith, and were committed with the intention of deceiving and misleading the public and causing harm to Organicare, and made with the full knowledge of Organicare's trade dress rights.

40.    Defendant' acts and conduct complained of herein constitute federal trade dress infringement in violation of 15 U.S.C. § 1125(a).

41.    Organicare has suffered, and will continue to suffer, irreparable harm from Defendant's unauthorized use of the FemiClear Trade Dress unless restrained by law.

42.    As a direct and proximate result of Defendant's infringing and unlawful acts, Organicare has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial, and, at minimum, exceeds $75,000, exclusive of interest and costs.

## COUNT II

### (Federal Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a))

43.    Organicare repeats and re-alleges paragraphs 1 through 42 of the Complaint as though set forth fully herein.

44.    The FemiClear Trade Dress is non-functional, and unique and distinctive as to the

source of FemiClear, and consumers associate Organicare as the source of goods provided under the FemiClear Trade Dress. The FemiClear Trade Dress is entitled to protection under both federal and common law.

45.     Defendant's acts and conduct as described herein are likely to cause confusion, cause mistake, and/or deceive the public into mistakenly believing that Defendant's Product is either FemiClear or that Defendant's Product originates from or is somehow connected to or associated with Organicare and/or Organicare's FemiClear Trade Dress, such as being sold or sponsored by the same party. Such acts constitute unfair competition, at least because Defendant has obtained an unfair advantage as compared to Organicare, through its use of the FemiClear Trade Dress to falsely designate the origin, affiliation or sponsorship of Defendant and Defendant's Product.

46.     The acts of Defendant alleged in paragraphs 1 through 45 above were intentional, willful, with bad faith, and were committed with the intention of deceiving and misleading the public and causing harm to Organicare and made with the full knowledge of Organicare's intellectual property rights.

47.     Defendant has made, and will continue to make, substantial profits and gain from its use of the FemiClear Trade Dress in the United States, to which it is not entitled in law or equity.

48.     Upon information and belief, Defendant's acts and conduct complained of herein constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

49.     Organicare has suffered, and will continue to suffer, irreparable harm as a direct and proximate cause of Defendant's unfair competition and false designation, including, but not limited to, the diversion of sales from Organicare to Defendant, and/or a lessening of the goodwill associated with the FemiClear Trade Dress.

50.    As a direct and proximate result of Defendant's infringing and unlawful acts, Organicare has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial, and, at minimum, exceeds $75,000, exclusive of interest and costs.

<u>**COUNT III**</u>

**(Trade Dress Infringement Under Texas Common Law)**

51.    Organicare repeats and re-alleges paragraphs 1 through 50 of the Complaint as though set forth fully herein.

52.    The FemiClear Trade Dress is non-functional.

53.    The FemiClear Trade Dress is unique and distinctive as to the source of FemiClear.

54.    Organicare's use of the FemiClear Trade Dress pre-dates any alleged use by Defendant in the United States or in the State of Texas.

55.    Defendant's use in commerce of the FemiClear Trade Dress to advertise, market, promote, distribute, offer for sale, and/or sell Defendant's Product without Organicare's consent is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant is Organicare, or is a licensee, authorized distributor, or affiliate of Organicare, or that Defendant, its activities, and/or Defendant's Product are authorized, endorsed, sponsored, or approved by Organicare, or vice versa.

56.    Defendant used, and presently uses, the FemiClear Trade Dress in the State of Texas, without Organicare's authorization in furtherance of its willful, deliberate, and bad faith scheme to trade upon the consumer goodwill and recognition Organicare has established in the FemiClear Trade Dress.

57.    Defendant made, and will continue to make, substantial profits and gain from its

unauthorized use of the FemiClear Trade Dress to which it is not entitled in law or equity.

58.    The acts of Defendant alleged in paragraphs 1 through 57 above were intentional, willful, with bad faith, and with the intention of deceiving and misleading the public and causing harm to Organicare.  Defendant's bad faith is evidenced at least by the similarity of Defendant's Product to the FemiClear Trade Dress, and by Defendant's continuing disregard for Organicare's intellectual property rights.

59.    Upon information and belief, Defendant's acts and conduct complained of herein constitute trade dress infringement in violation of the common law of the State of Texas.

60.    Unless enjoined by this Court, the acts of Defendant complained of herein will cause Organicare to suffer irreparable harm for which there is no adequate remedy at law.

61.    As a direct and proximate result of Defendant's infringing and unlawful acts, Organicare has suffered and will continue to suffer damages in an amount that is not presently ascertainable but will be established at trial.

## COUNT IV

### (Unfair Competition Under Texas Common Law)

62.    Organicare repeats and re-alleges paragraphs 1 through 61 of the Complaint as though set forth fully herein.

63.    The FemiClear Trade Dress is non-functional, and unique and distinctive as to the source of FemiClear, and consumers associate Organicare as the source of goods provided under the FemiClear Trade Dress.

64.    Organicare created the FemiClear Trade Dress through extensive time, labor, effort, skill, and money.

65.    Organicare's use of the FemiClear Trade Dress pre-dates any alleged use by

Defendant in the United States or in the State of Texas.

66.     Defendant's use in commerce of the FemiClear Trade Dress to advertise, market, promote, distribute, offer for sale, and/or sell Defendant's Product constitutes a false and misleading representation of fact, because Defendant is not affiliated or associated with, endorsed or sponsored by, or otherwise connected to Organicare or FemiClear.

67.     Defendant's use in commerce of the FemiClear Trade Dress to advertise, market, promote, distribute, offer for sale, and/or sell Defendant's Product is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant is Organicare, or is a licensee, authorized distributor, or affiliate of Organicare, or that Defendant, its activities, and/or Defendant's Product are authorized, endorsed, sponsored, or approved by Organicare, or vice versa.

68.     Defendant used, and presently uses, the FemiClear Trade Dress without Organicare's authorization in furtherance of its willful, deliberate, and bad faith scheme to trade upon the consumer goodwill and recognition Organicare has established in the FemiClear Trade Dress, and sow consumer confusion between the parties' and their products.

69.     Defendant has made, and will continue to make, substantial profits and gain from its unauthorized use of the FemiClear Trade Dress to which it is not entitled in law or equity.

70.     Defendant's misappropriation of the FemiClear Trade Dress has been intentional, willful, and malicious.  Defendant's bad faith is evidenced at least by the similarity Defendant's Product to the FemiClear Trade Dress, and by Defendant's continuing disregard for Organicare's intellectual property rights.

71.     Upon information and belief, Defendant's acts and conduct complained of herein constitute unfair competition in violation of the common law of the State of Texas.

72.     As a direct and proximate result of Defendant's infringing and unlawful acts,

Organicare has suffered and will continue to suffer damages in an amount that is not presently ascertainable but will be established at trial.

## COUNT V

**(Misappropriation Under Texas Common Law)**

73.    Organicare repeats and re-alleges paragraphs 1 through 72 of the Complaint as though set forth fully herein.

74.    The FemiClear Trade Dress is non-functional, and unique and distinctive as to the source of FemiClear, and consumers associate Organicare as the source of goods provided under the FemiClear Trade Dress.

75.    Organicare created the FemiClear Trade Dress through extensive time, labor, effort, skill, and money.

76.    Organicare's use of the FemiClear Trade Dress pre-dates any alleged use by Defendant in the United States or in the State of Texas.

77.    Defendant has wrongfully used the FemiClear Trade Dress in competition with Organicare and gained an unfair advantage, because Defendant was not burdened with the expenses incurred by Organicare.

78.    Defendant has commercially damaged Organicare, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of Defendant's Product, by creating the false and misleading impression that Defendant's Product is manufactured by, authorized by, or otherwise associated with Organicare, and by taking away sales that Organicare would have made.

79.    Defendant's misappropriation of the FemiClear Trade Dress has been intentional, willful, and malicious.  Defendant's bad faith is evidenced at least by the similarity of Defendant's Product to the FemiClear Trade Dress, and by Defendant's continuing disregard for Organicare's

intellectual property rights.

80.     Defendant's acts and conduct complained of herein constitute misappropriation in violation of the common law of the State of Texas.

81.     Unless enjoined by this Court, the acts of Defendant complained of herein will cause Organicare to suffer irreparable harm for which there is no adequate remedy at law.

82.     As a direct and proximate result of Defendant's infringing and unlawful acts, Organicare has suffered and will continue to suffer damages in an amount that is not presently ascertainable but will be established at trial.

## COUNT VI

### (Unjust Enrichment)

83.     Organicare repeats and re-alleges paragraphs 1 through 82 of the Complaint as though set forth fully herein.

84.     The FemiClear Trade Dress is non-functional, and unique and distinctive as to the source of FemiClear, and consumers associate Organicare as the source of goods provided under the FemiClear Trade Dress.

85.     Organicare created the FemiClear Trade Dress through extensive time, labor, effort, skill, and money.  Defendant's advertisement, promotion, offers for sale, sales, and/or distribution of Defendant's Product, in direct competition with Organicare and FemiClear, constitute unjust enrichment, at least because Defendant has wrongfully obtained benefits at Organicare's expense.  Defendant has also, *inter alia*, operated with an undue advantage.

86.     Defendant has wrongfully used and is wrongfully using the FemiClear Trade Dress in competition with Organicare and has gained and is gaining a wrongful benefit by undue advantage through such use.  Defendant has not been burdened with the expenses incurred by

Organicare, yet Defendant is obtaining the resulting benefits for its own business and product.

87.     Defendant's unjust enrichment at Organicare's expense has been intentional, willful, and malicious.  Defendant's bad faith is evidenced at least by the similarity of Defendant's Product to the FemiClear Trade Dress, and by Defendant's continuing disregard for Organicare's intellectual property rights.

88.     Defendant's acts and conduct complained of herein constitute unjust enrichment.

89.     Unless enjoined by this Court, the acts of Defendant complained of herein will cause Organicare to suffer irreparable harm for which there is no adequate remedy at law.

90.     As a direct and proximate result of Defendant's infringing and unlawful acts, Organicare has suffered and will continue to suffer damages in an amount that is not presently ascertainable but will be established at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing, Organicare prays for judgment against Defendant as follows:

A.     A declaration that  Defendant  has  infringed the FemiClear  Trade Dress;

B.     An Order, pursuant to 17 U.S.C. § 502, preliminarily and permanently enjoining and  restraining Defendants its subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents, and wholly-owned or partially-owned entities of the parties, and any entities acting or purporting to act for or on behalf of the foregoing, including any agents, employees, representatives, officers, directors, servants, partners, and those persons in active concert or participation with them, from manufacturing, distributing, licensing, using, copying, reproducing, displaying, adapting, offering for sale, and/or selling any product (including, but  not limited to, Defendant's Product) that infringes the FemiClear Trade Dress;

C.      An Order permanently enjoining and restraining Defendant, its subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents, and wholly-owned or partially-owned entities of the parties, and any entities acting or purporting to act for or on behalf of the foregoing, including any agents, employees, representatives, officers, directors, servants, partners, and those persons in active concert or participation with them, from engaging in any act of unfair competition utilizing any trade dress that is identical or confusingly similar to the FemiClear Trade Dress;

D.      An Order directing Defendant to remove and discontinue using the FemiClear Trade Dress, or any colorable imitation(s) thereof, from and in connection with all of Defendant's products (including, but not limited to, Defendant's Product), as well as from any websites or promotional materials, whether electronic, printed or otherwise, under Defendant's direct or indirect dominion and control;

E.      An Order, pursuant to 15 U.S.C. § 1118, directing the seizure, delivery, and destruction of each good within Defendant's possession, custody, and control that infringes Organicare's exclusive rights in and to the FemiClear Trade Dress;

F.      An Order directing Defendant, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve on Organicare's counsel within thirty (30) days after service of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

G.      An Order directing an accounting to determine Defendant's profits resulting from its unlawful activities;

H.      An Order awarding Organicare compensation for any and all damages, injury or harm pursuant to 15 U.S.C. § 1117 and Texas law;

I.      An Order directing Defendant to pay, jointly and severally, full restitution and/or disgorgement of all profits, including any lost profits, and benefits that may have been obtained by Defendant as a result of its wrongful conduct pursuant to 15 U.S.C. § 1117;

J.      An Order awarding Organicare treble damages resulting from Defendants' willful and intentional conduct pursuant to 15 U.S.C. § 1117 and under Texas law;

K.      An Order awarding Organicare punitive and exemplary damages;

L.      An Order awarding Organicare pre-judgment interest;

M.      An Order awarding Organicare its reasonable costs and attorneys' fees pursuant to Texas law, and a Declaration that this case is "exceptional" within the meaning of 15 U.S.C. § 1117; and

N.      An Order awarding Organicare any further relief this Court shall deem just and equitable.

## JURY DEMAND

Pursuant to Rules 38(b) and 38(c) of the Federal Rules of Civil Procedure, Organicare requests a trial by jury for all issues so triable.

Respectfully submitted,

*/s/Dwayne K. Goetzel*
Dwayne K. Goetzel
Texas State Bar No. 08059500
KOWERT, HOOD, MUNYON,
  RANKIN & GOETZEL, P.C.
1120 S. Capital of Texas Hwy.
Building 2, Suite 300
Austin, Texas 78746
(512) 853-8800 (telephone)
(512) 853-8801 (facsimile)

**ATTORNEYS FOR PLAINTIFF
ORGANICARE NATURE'S SCIENCE, LLC**

# EXHIBIT 1

**From:** no-replies-appeal@amazon.com <no-replies-appeal@amazon.com>
**Sent:** Friday, February 28, 2025 7:51 AM
**To:** Dwayne Goetzel <dgoetzel@intprop.com>
**Subject:** We've received a counter notice for your Amazon.com report

 **IRONSCALES couldn't recognize this email as this is the first time you received an email from this sender no-replies-appeal@amazon.com**

Hello,

We have received a counter-notice, from an Amazon seller, to your report(s) of posting, hosting and/or distributing unlicensed copyright protected material on our network. Below are the details of the complaint and ASIN targeted in the complaint.

Complaint ID: 17295897501
ASIN: B0DNFM5WYC
Title: Nahid | Bacterial Vaginosis Symptoms Vaginal Suppositories | Natural Treatment for Fishy Odor, Excess Discharge, Itching & Irritation | 2-Week Dose |

The counter notice submitted is provided below for your records. We will allow this material to become accessible, unless you provide us with notice that a lawsuit has been filed against the counter-noticing party within 10 business days. Please ensure a copy of the lawsuit is sent to ip-info-request@amazon.com to help ensure efficient processing. Note, that if a copy of the lawsuit is not provided within 10 business days, the identified content above will be reinstated.

ASIN: B0DNFM5WYC Complaint ID: 17250980351 You recently provided me with a copy of a Notice of Infringement under the Digital Millennium Copyright Act (DMCA). This letter is a Counter-Notification as authorized in § 512(g) of the DMCA. I have a good faith belief that the material identified in the Notice of Infringement was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled.The material in question formerly appeared on Amazon website with Amazon Standard Identification Number (ASIN): B0DNFM5WYC My contact information is as follows:Full Legal Name: yuan jia cheng Email Address: Cjy1598487552@outlook.com Mailing Address: 深圳市龙岗区坂田街道坂田社区吉华路489号乐荟科创中心11栋B座1718 Phone Number: 15768101480 ✔ (I) I am located in the United States and I consent to the jurisdiction of the Federal District Court for the judicial district in which my address is located (OR) I am located outside of the United States and I consent to the jurisdiction of any judicial district in which Amazon

may be found. ✔ (II) I agree to accept service of process from the person who provided notification under subsection (c)(1)(C) or an agent of such person. ✔ (III) I have a good faith belief that the material identified in the Notice of Infringement was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled. ✔ (IV) I declare under penalty of perjury under the laws of the United States of America that this Counter-Notification and all statements therein are true and correct. ✔ (V) I ACKNOWLEDGE THAT PROVIDING FALSE STATEMENTS IN A COUNTER-NOTICE MAY LEAD TO CIVIL PENALTIES OR CRIMINAL PROSECUTION. Enter your full name as a means of a digital signature. Please note that by entering your full name you are providing us with your digital signature which is legally binding. yuan jia cheng

Thank You,
Amazon