UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **ORGANICARE NATURE'S SCIENCE, LLC,** *Plaintiff* § § § § | |
| v. | § § No. 1:25-CV-343-RP |
| **YUAN JIA CHENG d/b/a NAHID,** *Defendant* § § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE ROBERT PITMAN
     UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Organicare Nature's Science, LLC's ("Organicare") amended motion for default judgment. Dkt. 10. Having reviewed the motion, supporting documentation, and applicable law, the undersigned recommends that the District Judge grant in part and deny in part Organicare's motion.

## I. BACKGROUND

This is a trade-dress infringement and unfair-competition case. Organicare owns and distributes the "FemiClear" line of feminine care products and holds trade-dress rights in the products' distinctive packaging and overall appearance. Dkt. 1, at 4. Organicare alleges that Defendant Yuan Jia Cheng d/b/a Nahid ("Nahid") willfully copied and used elements of the FemiClear trade dress in marketing its competing feminine-care products, primarily on Amazon. *Id*. at 6-7. After Organicare filed a notice of infringement, Amazon took down Nahid's product listing. *Id*. at 7. However,

1

Nahid submitted a counter-notice "falsely" claiming the issue was "a mistake." *Id.* at 8, 21. Organicare maintains that Nahid's unauthorized use causes consumer confusion and threatens its goodwill and reputation. *Id.* at 8. Based on these facts, Organicare brought claims against Nahid for trade-dress infringement, unfair competition, misappropriation, and unjust enrichment. Dkt. 10, at 1.

Nahid did not appear or otherwise respond to Organicare's complaint, and the Clerk of Court entered default against Nahid. Dkt. 7. Organicare then moved for default judgment on its claims of trade-dress infringement, unfair competition, misappropriation, and unjust enrichment. Dkt. 10, at 1. In its motion, Organicare also asked the Court to issue a declaration that Nahid infringed on Organicare's trade dress and a permanent injunction prohibiting Nahid from continuing its infringing activities, as well as awarding Organicare attorneys' fees and costs. *Id.* at 3-5.

## II.   LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant that has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a)-(b). That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment simply because the defendant is in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister,* 562 F.2d 343, 345 (5th Cir. 1977).

In considering Organicare's motion, the Court must determine: (1) whether default judgment is procedurally warranted; (2) whether Organicare's complaint sets forth facts sufficient to establish that it is entitled to relief; and (3) what form of relief, if any, Organicare should receive. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *see also J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (using the same framework).

### III.    DISCUSSION

#### A.    Default judgment is procedurally warranted.

To determine whether entry of a default judgment is procedurally warranted, district courts in the Fifth Circuit consider six factors: "[1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

On balance, the *Lindsey* factors weigh in favor of entering default judgment against Nahid. Because Nahid has not filed a responsive pleading, there are no material facts in dispute. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Nahid's failure to appear and respond has ground the adversary process to a halt, prejudicing Organicare's interest in pursuing its claims

for relief. *See J & J Sports*, 126 F. Supp. 3d at 814 ("Defendants' failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests.") (internal citation and quotation marks omitted). The grounds for default are established: Nahid was properly served and has failed to appear and participate at all in this lawsuit, much less timely file a responsive pleading. *See* Dkts. 2-8. There is no indication that the default was caused by a good-faith mistake or excusable neglect. The undersigned therefore finds that default judgment is procedurally warranted.[1]

### B. Organicare's complaint is sufficient to establish its right to relief.

Default judgment is proper only if the well-pleaded factual allegations in Organicare's complaint establish a valid cause of action. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact." *Id*. In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the

---

[1] The Clerk of Court entered default. Fed. R. Civ. P. 55(a); Dkt. 8. Organicare also filed an affidavit attesting that, to the best of its knowledge, Nahid is not a minor or incompetent person, and is not a member of the United States military. Dkt. 12, at 1; Fed. R. Civ. P. 55(b); 50 U.S.C. § 3931(b)(1).

complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While "detailed factual allegations" are not required, the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Here, Organicare moved for default judgment on its causes of action for trade-dress infringement, unfair competition, misappropriation, and unjust enrichment. Dkt. 10, at 1.

### 1. *Organicare has sufficiently stated claims for trade-dress infringement under the Lanham Act and Texas law.*

To plead a trade-dress infringement claim under the Lanham Act,[2] a plaintiff must prove that: "(1) its trade dress is inherently distinctive or has acquired secondary meaning; (2) its trade dress is primarily nonfunctional; and (3) there is a likelihood that the defendant's trade dress will lead to customer confusion." *Frank's Casing Crew & Rental Tools, Inc. v. David L. Sipos Vermilion River Tool & Equip. Co.*, No. Civ. A. 05-0261, 2005 WL 1567307, at *4 (W.D. La. 2005) (citing *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 769 (1992)). "Likelihood of confusion 'exists when customers viewing the mark would probably assume that the product or service it represents *is associated with the source* of a different product or service identified

---

[2] Organicare brought trade-dress-infringement claims under the Lanham Act and under Texas law. Dkt. 1, at 8-12. Because trade-dress infringement claims under the Lanham Act and under Texas common law "are no different," the undersigned's analysis of Organicare's federal trade-dress infringement claim applies to its trade-dress infringement claim brought under Texas common law. *Shell Trademark Mgmt. B.V. v. Warren Unilube, Inc.*, 765 F. Supp. 2d 884, 902 (S.D. Tex. 2011) (analyzing trade-dress infringement claims brought under federal and Texas law together).

5

by a similar mark.'" *Frank's Casing*, 2005 WL 1567307, at *10 (quoting *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 845 (9th Cir. 1987)).

First, Organicare has demonstrated that its trade dress is inherently distinctive as to "the source of the FemiClear product," claiming that "consumers associate Organicare as the source of goods provided under the FemiClear Trade Dress." Dkt. 1, at 8. Organicare also asserts that it used the trade dress extensively and continuously before Nahid began its alleged infringing activities and has expended substantial resources promoting the trade dress. *Id.* Additionally, Organicare contends that the trade dress is valuable, incontestable, and used to identify both its corresponding services and Organicare as their source. *Id*; *see also Two Pesos, Inc.*, 505 U.S. at 767 (holding that "trade dress that is inherently distinctive is protectible under § 43(a) without a showing that it has acquired secondary meaning").

Second, Organicare demonstrated that the FemiClear trade dress is primarily non-functional. Trade dress protection does not extend to product features which are functionally useful: A design is functional "if the design affords benefits in the manufacturing, marketing, or use of the goods or services with which the design is used, apart from any benefits attributable to the design's significance as an indication of source, that are important to effective competition by others and that are not practically available through the use of alternative designs." *Frank's Casing*, 2005 WL 1567307, at *5 (internal citation omitted). Thus, a feature or features of trade dress are not protectable if they are "essential to the use or purpose of the [product],"

6

or "affect [the product's] cost or quality." *Id.* (citing *Inwood Lab'ys, Inc. v. Ives Lab'ys, Inc.*, 456 U.S. 844, 850 n.10 (1982)). Here, Organicare has sufficiently alleged that the FemiClear trade dress consists of non-functional designs that serve as "source identifiers of its products." Dkt. 1, at 3.

Finally, Organicare also sufficiently pleads that there is a likelihood that Nahid's allegedly infringing product will cause confusion among consumers. The Fifth Circuit has enumerated several factors to determine whether there is a likelihood of confusion between two products, including: (1) similarity of products; (2) identity of retail outlets and purchasers; (3) identity of advertising media; (4) type (i.e., strength) of trademark or trade dress; (5) defendant's intent; (6) similarity of design; and (8) actual confusion. *Sno-Wizard Mfg., Inc. v. Eisemann Prods. Co.*, 791 F.2d 423, 428 (5th Cir. 1986) (citing *Falcon Rice Mill, Inc. v. Cmty. Rice Mill, Inc.*, 725 F.2d 336, 345 (5th Cir. 1984); *see also Louisiana World Exposition, Inc. v. Logue*, 746 F.2d 1033, 1040 (5th Cir. 1984). Finally, courts need not consider all of these factors as some may not apply in a particular case. *Frank's Casing,* 2005 WL 1567307, at *10.

Here, Organicare alleges that Nahid's acts and conduct are likely to "cause confusion, cause mistake, and/or deceive the public into mistakenly believing that Nahid's Product is either FemiClear or that Nahid's Product originates from or is somehow connected to or associated with Organicare and/or Organicare's FemiClear Trade Dress," such as "being sold or sponsored by the same party." *Id.* at 9. Additionally, Organicare alleges that at least one instance of "actual confusion" has already occurred, as "one consumer posted a notice indicating that Nahid's products

7

looked just like the FemiClear Trade Dress." *Id.* at 7. In this case, the likelihood-of-confusion factors support a likelihood of confusion. In particular, Organicare and Nahid's products are both used for feminine care and are similar in design and product type, as Nahid's products bear a nearly identical look as well as nearly identical wording, information, font, and marketing language to FemiClear. *Id.* at 5-6. As noted above, at least one instance of actual confusion has already occurred, in which a consumer posted a notice indicating that Nahid's products "are made to look like the FemiClear packaging." *Id.* at 7. Moreover, because these feminine care products are in general inexpensive, the purchasers will generally exercise a lesser degree of care in making such a purchase, making confusion more likely in this context. *See Sno-Wizard*, 791 F.2d at 428 ("It is often appropriate to consider the degree of care exercised by purchasers: confusion is more likely, for example, if the products in question are 'impulse' items or are inexpensive." (citing *Falcon Rice*, 725 F.2d at 345 n.9)).

Based on the foregoing, the undersigned finds that Organicare's factual allegations and the record before the Court raise Organicare's right to relief above a speculative level as to its trade-dress infringement claims. The undersigned finds that default judgment as to Organicare's trade dress-infringement claims is thus substantively warranted.

### *2.   Organicare has stated claims for unfair competition under the Lanham Act and under Texas law.*

To plead a claim for unfair competition under the Lanham Act,[3] Organicare must allege: (1) a false or misleading statement of fact about a product; (2) that such statement either deceived or had the capacity to deceive a substantial segment of potential consumers; (3) the deception was material, in that it is likely to influence the consumer's purchasing decision; (4) the product is in interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the statement at issue. *N. Am. Deer Registry, Inc. v. DNA Sols., Inc.*, No. 4:17-CV-2, 2017 WL 2402579, at *5 (E.D. Tex. June 2, 2017) (citing *IQ Prods. Co. v. Pennzoil Prods. Co.*, 305 F.3d 368, 375 (5th Cir. 2002)). "As a general rule, the same facts which would support an action for trademark infringement would also support an action for unfair competition." *Marathon Mfg. Co. v. Enerlite Prods. Corp.*, 767 F.2d 214, 217 (5th Cir. 1985) (citing *Boston Pro. Hockey Ass'n v. Dall. Cap & Emblem Mfg.*, 510 F.2d 1004, 1009-10 (5th Cir. 1975)).

Here, Organicare plausibly alleges all the elements of its claim for unfair competition under the Lanham Act. First, Organicare asserts that Nahid used elements of the FemiClear Trade Dress—including the product's look and feel, wording, font, and presentation—on Nahid's own competing product. *See* Dkt. 1, at 4. By copying the FemiClear trade dress, Nahid made a "specific and measurable claim,

---

[3] Given that "[u]nfair competition claims under Texas law are analyzed under the same standard as claims under the Lanham Act," the undersigned will analyze Organicare's federal and state-law unfair-competition claims together. *S & H Indus., Inc. v. Selander*, 932 F. Supp. 2d 754, 763 (N.D. Tex. 2013) (citing *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 236 n.7 (5th Cir. 2012)).

capable of being proved false" by suggesting from its packaging that its product is associated with, or originates from, the same source as Organicare's FemiClear. *See id.* at 8; *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 496 (5th Cir. 2000) (internal citation omitted). Second, the complaint alleges that this imitation has the capacity to deceive consumers, and in one instance already has. Dkt. 1, at 7. Third, the alleged deception is material: it is likely to influence consumers' purchasing decisions by leveraging FemiClear's market recognition and goodwill to enhance Nahid's own sales. As explained above, Organicare presented evidence of one instance of actual confusion through a review in which a consumer noted that while "[t]he product packaging is made to look like the Femiclear packaging," Nahid's product "did absolutely nothing for [her]." *Id.*; *Pizza Hut*, 227 F.3d at 495 (noting that materiality may be shown through "proof of actual deception"). Fourth, the product is sold through Amazon to consumers across the United States, satisfying the interstate commerce requirement. Dkt. 1, at 6. Finally, Organicare alleges injury in the form of diverted sales and diminished brand value. *Id.* at 8.

Accordingly, Organicare has adequately stated claims under the Lanham Act and Texas common law for unfair competition. The undersigned finds that default judgment as to Organicare's unfair-competition claims is substantively warranted.

### 3. *Organicare's claim for misappropriation of name, likeness, and business opportunity is not actionable under Texas law.*

Organicare's misappropriation claim is not viable under Texas law because it is, in substance, a trademark or trade-dress infringement claim. *See Festive Farm Co. v. BE Creations & Designs, Inc.*, No. 22-CV 00994, 2023 WL 3662661, at *3 (W.D. Tex. May 9, 2023). Courts have consistently held that there is no common-law cause of action for misappropriation of trademark or trade dress under Texas law because a standard trademark or trade-dress infringement claim "does not come within the scope of the common law misappropriation tort." *See Pennell v. Triton Media, LLC*, No. A-12-CA-706-SS, 2013 WL 12131202, at *3 (W.D. Tex. Jan. 10, 2013); *Jim S. Adler, P.C. v. Angel L. Reyes & Assocs. PC*, No. 3:19-CV-2027-K-BN, 2020 WL 5099596, at *13 (N.D. Tex. Aug. 7, 2020), *report and recommendation adopted*, 2020 WL 5094678 (N.D. Tex. Aug. 29, 2020) (holding that claims alleging misappropriation of name, likeness, and business opportunity were precluded by trademark claims); *see also Opportune LLP v. Oportun, Inc.*, No. H-18-7, 2018 WL 8755511, at *3 (S.D. Tex. Apr. 24, 2018); *Buc-ee's, Ltd. v. Shepherd Retail, Inc.*, No. 15-CV-3704, 2017 WL 6387799, at *13 (S.D. Tex. July 21, 2017), *report and recommendation adopted, Buc-ee's, Ltd. v. Panjwani*, 2017 WL 4221461 (S.D. Tex. Sept. 21, 2017).

Here, the substance of Organicare's allegations focuses almost exclusively on Nahid's alleged use of Organicare's FemiClear trade dress and does not identify any specific non-trademark-protected product or proprietary content. Dkt. 1, at 3-8. In fact, Organicare's misappropriation theory is based entirely on Nahid's alleged

copying of the "look and feel, wording, information, font, and marketing strategy" of the FemiClear product—elements that fall squarely within the domain of trademark and trade-dress protection under the Lanham Act, not Texas common law. *Id.* at 4-5, 14-15.

Because courts have repeatedly held that trademark-based misappropriation claims are not actionable under Texas common law, and because Organicare's misappropriation claim arises from allegations that are "more akin to a claim for misappropriation of a trademark (or trade dress)," *Adler*, 2020 WL 5099596, at *13, default judgment should not be entered in Organicare's favor on this claim.

### 4. *Organicare's unjust-enrichment claim is not actionable under Texas law.*

Under Texas law, unjust enrichment occurs when a person has wrongfully secured a benefit or has passively received one which it would be unconscionable to retain. *Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 367 (Tex. App.—Dallas 2009, pet. denied). To plead an unjust-enrichment claim: "(1) there must be an enrichment, (2) there must be an impoverishment, (3) there must be a connection between the enrichment and the impoverishment, (4) there must be an absence of justification or cause for the enrichment and impoverishment, and (5) there must be no other remedy at law available to plaintiff." *United States ex rel. T&C Dirtworks, Inc. v. L&S-CKY JV*, Civil Action No. 10-985, 2011 WL 1192944, at *5 (E.D. La. Mar. 28, 2011). The equitable doctrine of unjust enrichment is available only when there is no express contract and no other legal theory that provides adequate relief. *Sw. Elec. Power Co. v. Burlington*

*N. R.R. Co.*, 966 S.W.2d 467, 470 (Tex. 1998). Here, Organicare cannot maintain its claim for unjust enrichment because adequate remedies at law are available. Organicare alleged causes of action for trade-dress infringement and unfair competition—legal claims that, if successful, can provide full relief in the form of damages and injunctive remedies. Dkt. 1, at 16-18. Because the undersigned recommends that the District Judge enter default judgment as to Organicare's claims for trade-dress infringement and unfair competition—claims grounded in established legal rights which provide sufficient legal relief—Organicare cannot prevail on its claim for unjust enrichment. *See Sw. Elec.*, 966 S.W.2d at 470. Therefore, the undersigned recommends that the District Judge deny Organicare's motion for default judgment as to its claim for unjust enrichment.

    **C.**    **Organicare is entitled to the relief it seeks in the form of equitable relief and attorneys' fees and costs.**

Federal Rule of Civil Procedure 54(c) states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). In other words, the relief prayed for in a complaint defines the scope of relief available on default judgment. *Id.* A defendant's default concedes the truth of the allegations of the complaint concerning the defendant's liability, but not damages. *United States v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). In its motion, Organicare seeks injunctive relief and attorneys' fees and costs against Nahid. Dkt. 10, at 3-5.

### *1.     Organicare is entitled to the equitable relief it requests.*

Organicare seeks equitable relief in the form of a declaration that Nahid infringed on Organicare's trade dress and an injunction prohibiting Nahid from continuing the infringing activities. Dkts. 1, at 16-18; 10, at 3-5. Under the Lanham Act, courts "have the power to grant injunctions … to prevent the violation of any right of the registrant of a mark[.]" 15 U.S.C. § 1116(a). It also permits courts to "order that all labels, signs, prints, … and advertisements in the possession of the defendant" that bear the registered mark in violation of the Lanham Act be delivered up or destroyed. *Id.* § 1118. Organicare seeks relief under both provisions, asking generally that this Court order Nahid to stop infringing Organicare's trade dress, take down infringing webpages, and deliver up to Organicare signage and other items showing the infringed dress. *See* Dkt. 10, at 3-5.

"The party seeking a permanent injunction must ... establish (1) success on the merits; (2) that a failure to grant the injunction will result in irreparable injury; (3) that said injury outweighs any damage that the injunction will cause the opposing party; and (4) that the injunction will not disserve the public interest." *Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 824 F.3d 507, 533 (5th Cir. 2016) (internal quotation marks omitted). All four factors warrant granting a permanent injunction against Nahid. Organicare has succeeded on the merits of its Lanham Act claims. *See* Section III(B)(1)-(2). Nahid's continued use of the FemiClear trade dress would result in ongoing and irreparable injury to Organicare's reputation. Dkt. 1, at 8; *see Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1056 (5th Cir. 1997) (finding irreparable

harm based upon potential damage to reputation). This injury to Organicare outweighs any harm Nahid will incur from ceasing use of the FemiClear trade dress because Nahid used the trade dress unlawfully after receiving notice of Organicare's rights to the mark. *See* Dkt. 1, at 6. The public interest factor also weighs in favor of an injunction because the public interest and the Lanham Act would be undermined if Nahid's improper conduct is allowed to continue. *Alamo Area Mut. Hous. Ass'n, Inc. v. Lazenby*, No. 5:17-cv-634-DAE, 2017 WL 7052253, at *10 (W.D. Tex. July 28, 2017) ("[T]he public interest is always served by requiring compliance with Congressional statutes such as the Lanham Act and by enjoining the use of infringing marks." (internal quotation marks omitted)). A permanent injunction is thus warranted to remedy Nahid's continued infringement activities.

### 2. *Organicare is entitled to its requested attorneys' fees and costs.*

Organicare seeks to recover its attorneys' fees and costs under section 1117(a) of the Lanham Act. Dkt. 8, at 21. Courts have discretion to award attorneys' fees. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). The Lanham Act permits an award of attorneys' fees to the prevailing party in "exceptional cases." 15 U.S.C. § 1117(a). In the Fifth Circuit, "an exceptional case is one where (1) in considering both governing law and the facts of the case, the case stands out from others with respect to the substantive strength of a party's litigating position; or (2) the unsuccessful party has litigated the case in an 'unreasonable manner.'" *Baker v. DeShong*, 821 F.3d 620, 625 (5th Cir. 2016) (citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)). Courts in this Circuit have found

cases exceptional where the defendant entirely disregards the proceeding, leading to a default judgment. *See, e.g.*, *Real Est. Edge, LLC v. Campbell*, No. 1:17-CV-1093-RP, 2019 WL 830966, at *6 (W.D. Tex. Feb. 21, 2019); *Chevron Intell. Prop., LLC v. Allen*, No. 7:08-CV-98-O, 2009 WL 2596610, at *4 (N.D. Tex. Aug. 24, 2009). The Fifth Circuit has also stated that examples of "exceptional cases" include those "in which the defendant did not defend the lawsuit and instead continued to infringe the plaintiff's trademark." *Ballero v. 727 Inc.*, 744 F. App'x 871, 873 (5th Cir. 2018).

The undersigned finds that this is an exceptional case because Nahid entirely disregarded this action and continues to willfully infringe Organicare's trade dress. As the prevailing party under the Lanham Act, Organicare is entitled to reasonable attorneys' fees, costs, and expenses incurred in bringing this lawsuit under 15 U.S.C. § 1117(a). The undersigned thus recommends that the District Judge award Organicare attorneys' fees and costs in this case. Organicare requests that the Court award it $14,363 in attorney fees and $405 in costs. Dkt. 10, at 5. Organicare supports its request with an affidavit from its counsel attesting to the reasonableness of the fees requested and a statement describing the hours billed while litigating this dispute and related costs. *Id.* at 18-24. Averring that the rates his firm charged were reasonable for the services provided, counsel for Organicare calculated the total lodestar[4] amount claimed based on each attorney or paralegal's typical rate. *Id.* The

---

[4] The Supreme Court has held that the lodestar is "the most useful starting point for determining the amount of a reasonable fee[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Modifications to the lodestar figure are permissible only in "rare and exceptional cases." *Penn. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (internal quotations omitted). The undersigned finds no exceptional circumstances warranting a departure from the lodestar figure here.

16

undersigned is satisfied that the claimed amount is reasonable and recommends granting Organicare these fees and costs in full. *See Mighty Mug, Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 1:22-cv-100-RP, 2023 WL 4850953, at *7 (W.D. Tex. June 23, 2023), *report and recommendation adopted*, 2023 WL 4853613 (W.D. Tex. July 28, 2023) (awarding plaintiff's requested fee amount in a default judgment involving the Lanham Act).

## IV.     RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **GRANT IN PART** and **DENY IN PART** Organicare's motion for default judgment, Dkt. 10. Specifically, the undersigned recommends that the District Judge enter default judgment against Nahid as to Organicare's claims for trade-dress infringement and unfair competition, but not as to Organicare's remaining claims. The undersigned further recommends that the District Judge enter Organicare's requested declaration and permanent injunction. Finally, Organicare should be awarded attorneys' fees in the amount of $14,363 and costs in the amount of $405.

The referral of this case to the Magistrate Judge should now be canceled.

## V.     WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421

(5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED August 22, 2025.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE